ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| PUEBLO DE PUERTO RICO, Recurrida, v. LUIS A. PADILLA ROJAS, Peticionaria. | KLCE202500446 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito. Civil núm.: B VI2021G0005. Sobre: Art. 95 (homicidio). |
|---|---|---|

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de mayo de 2025.

La parte peticionaria, señor Luis A. Padilla Rojas (señor Padilla), instó el presente recurso de *certiorari*, por derecho propio, el **17 de abril de 2025**[1], recibido en la Secretaría de este Tribunal el **21 de abril de 2025**. En él, solicita la revisión de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito, el 10 de marzo de 2025. El señor Padilla no adjuntó a su recurso documento alguno mediante el cual pudiéramos auscultar nuestra jurisdicción[2].

Examinado el escrito de la parte peticionaria, prescindimos de la comparecencia del Pueblo de Puerto Rico[3].

Así pues, evaluado el recurso a la luz del derecho aplicable, y por los fundamentos que expondremos a continuación, **desestimamos** el recurso por falta de jurisdicción, toda vez que fue presentado tardíamente.

---

[1] Esa es la fecha que surge del sobre en que llegó el recurso, según el ponche del Servicio Postal de los EE.UU.

[2] El expediente solo contiene el escrito presentado por el señor Padilla y la solicitud cumplimentada para que se le eximiera del pago de arancel por razón de indigencia.

[3] *Véase,* Regla 7(b)(5) de las del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, la cual nos faculta a prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier recurso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho.

Número identificador

RES2025_____

I

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175DPR 83, 98 (2008). A su vez, este Tribunal **no** puede conservar el recurso con el propósito de atenderlo y reactivarlo posteriormente. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR, a la pág. 855.  Por su parte, la Regla 83(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (b) de la Regla 83. En específico, la Regla 83(b)(1) provee para la desestimación de un pleito por falta de jurisdicción.

B

El Art. 4.006(b) de la Ley Núm. 103-2003, según enmendada, *Ley de la Judicatura de 2003*, 4 LPRA sec. 24y(b), establece que este Tribunal conocerá de cualquier resolución u orden dictada por el Tribunal de Primera Instancia mediante *certiorari*. También, dispone que el término para su

presentación es de cumplimiento estricto, prorrogable solo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

Dicho término está recogido en la Regla 32(d) del Reglamento de este Tribunal de Apelaciones, que dispone:

> **El recurso de *certiorari* para revisar cualquier otra resolución u orden** o sentencia final al revisar un laudo de arbitraje **del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación u orden recurrida. Este término es de cumplimiento estricto.**

4 LPRA Ap. XXII-B. (Énfasis nuestro).

Con relación a los términos de cumplimiento estricto, el Tribunal Supremo de Puerto Rico ha expresado que "el foro apelativo no goza de discreción para prorrogar tales términos automáticamente". *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). En su consecuencia, "tiene discreción para extender un término de cumplimiento estricto 'solo cuando la parte que lo solicite demuestre justa causa para la tardanza'". *Íd.* En ausencia de justa causa, carecemos de discreción para prorrogar el término y acoger el recurso ante nuestra consideración. *Íd.* Por otro lado, la acreditación de la justa causa se cumple con explicaciones concretas y particulares, debidamente evidenciadas. *Íd.*, a la pág. 565.

II

El señor Padilla acude ante nos y solicita que revisemos una resolución emitida por el Tribunal de Primera Instancia, mediante la cual presuntamente se le impuso el pago de una pena especial. En su escrito, al hacer referencia al dictamen recurrido, alega que este le fue notificado el **10 de marzo de 2025**[4].

Sin embargo, no fue hasta el **17 de abril de 2025** que el señor Padilla echó al correo su petición. Esta fue recibida en este Tribunal el 21 de abril de 2025. Es decir, que el señor Padilla tenía hasta el 9 de abril de

---

[4] Nos dimos a la tarea de verificar el estado procesal del caso al que hizo referencia el señor Padilla en la plataforma del Registro de Transacciones para Tribunales (TRIB), y constatamos que la última resolución emitida por el Tribunal de Primera Instancia fue el 10 de marzo de 2025.

2025 para instar su recurso. Como consecuencia, nos encontramos insubsanablemente privados de autoridad para examinar los méritos del recurso, pues fue incoado fuera del término de 30 días dispuesto para ello sin que mediaran circunstancias especiales, debidamente sustentadas en la solicitud de *certiorari*. Así pues, solo procede su desestimación.

III

Por los fundamentos antes expuestos, **desestimamos** el recurso por falta de jurisdicción, al haberse presentado tardíamente.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones